IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELVIN BANKS and | : | |
| JONICE M. WILSON, | : | |
| | : | |
| On behalf of themselves | : | |
| individually and all others | : | |
| similarly situated, | : | |
| | : | |
| Plaintiffs, | : | NO. |
| | : | |
| vs. | : | |
| | : | |
| RADIO SHACK CORPORATION, | : | |
| | : | **JURY TRIAL DEMANDED** |
| Defendants. | : | |

## COMPLAINT

Plaintiffs, Melvin Banks and Jonice Wilson, ("Plaintiffs"), by and through their undersigned counsel, on their own behalf and on behalf of all others similarly situated, hereby bring suit in this collective action against Defendant to recover unpaid minimum wages, overtime compensation, damages and for other relief under the Fair labor Standard Act of 1938 ("FLSA") as amended, 29 U.S.C. Sec. 201 et seq.

## PARTIES

1. Plaintiff Melvin Banks, is an adult resident and citizen of the Commonwealth of Pennsylvania and resides at 2117 Carpenter Street, Philadelphia, PA 19146. His written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2. Plaintiff Jonice M. Wilson, is an adult resident and

citizen of the Commonwealth of Pennsylvania and resides at 803 Elsinor Place, Chester, PA 19013. Her written consent to participate in this lawsuit is attached hereto as Exhibit 2.

3. Plaintiff Banks was formerly employed by Defendant between September 22, 2009 and October 20, 2012, and he was subject to Defendant's illegal compensation practices during that time period, as more particularly set forth below.

4. Plaintiff Wilson was formerly employed by Defendant between October 31, 2011 and November 8, 2012, and she was subject to Defendant's illegal compensation practices during that time period, as more particularly set forth below.

5. On information and belief, Defendant, Radio Shack Corporation (hereinafter "Defendant"), is a corporation with a principal place of business located in Fort Worth, Texas and does business in this judicial district at 2891 Grays Ferry Avenue, Philadelphia, PA 19146.

6. Defendant operates electronic retail stores across the country.

## JURISDICTION

7. This Court has jurisdiction of this action pursuant to Fair Labor Standards Act, 29 U.S.C. § 216 and 28 U.S.C. § 1331.

## VENUE

8. Venue in this matter is appropriate in this District because defendant has a place of business is located here.

## FACTS

9. During the three year period prior to the filing of this complaint, defendant operated at least thirty seven stores in the Philadelphia area and hundreds of others throughout the rest of the United States.

10. All Plaintiffs and all other similarly situated persons are current and former employees of Defendant between April 1, 2012 and the present date (hereinafter "the applicable time period") and had essentially the same job duties.

11. Plaintiffs and all other similarly situated persons are current and former employees of Defendant who held the title and performed the duties of "Sales Associate" and worked under District Manager, Benjamin Lieberman, during the applicable time period. (hereinafter the "FLSA Class").

12. The primary job duties of the Plaintiffs were to attend to customers coming into the store, assist them with purchases and operate the cash registers.

13. Defendant managed the Plaintiffs' employment, including the amount of hours worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

14.     As per Defendant's wage and hour practices and policies, the Plaintiffs did not receive a weekly guaranteed salary of $455.00.

15.     At all relevant times, the Defendant and its agents routinely deducted time from Plaintiffs' time records without cause so to unlawfully reduce the number of hours for which the Plaintiffs' were paid.

16.     During the applicable time period, the Defendant and its agents routinely required Plaintiffs' to work during their lunch breaks and thereafter unlawfully refused to pay Plaintiffs for this time.

17.     As a result of Defendant's practices, Plaintiffs' were not paid minimum wages for each hour that they worked for Defendant during the applicable time period.

18.     During the applicable time period, the Plaintiffs were intermittently required to work in excess of forty (40) hours per week and were not properly paid overtime for hours worked in excess of forty (40) per week.

19.     During the applicable time period, the Plaintiffs were required to record their timeworked but the Defendant failed to maintain accurate time records as required by the FLSA because they altered the Plaintiffs' time records on a regular basis.

20.     Defendant's failure to pay the Plaintiffs minimum wages and/or overtime compensation when Plaintiffs worked in excess of forty (40) hours per week violates the FLSA.

21.    Defendant unlawfully failed to pay minimum wages and/or overtime compensation to the Plaintiffs during their employment by intentionally, willfully and improperly designating their positions as exempt from minimum wage and overtime requirements.

22.    As a result of Defendant's aforesaid violations of the FLSA, the Plaintiffs suffered losses of wages.

<u>Collective Action Allegations</u>

23.    Plaintiffs reassert and reallege the allegations set forth in paragraphs 1-22 as if they were fully set forth herein.

24.    Pursuant to 29 USC 216(b), Plaintiffs seek to proceed as a collective action on behalf of themselves and the FMSA Class of persons as defined above who worked for Defendant during the applicable time period and prior to the entry of judgment in this action who give their consent, in writing, to become party plaintiffs.

25.    Plaintiffs and other members of the FLSA Class are similarly situated inasmuch as, <u>inter alia</u>, they all had similar duties, performed similar tasks, were subjected to the same requirements under the FLSA to be paid minimum wages and overtime wages unless properly exempted thereunder, and were subjected to unlawful wage practices, and were often required to work during their lunch break without pay and their hours were intentionally slashed so that they would not be paid for all

hours that they worked.

26. Defendant encouraged, permitted and/or required the Plaintiffs and the FLSA Class to work during their lunch breaks without compensation of any kind.

27. Defendant intentionally altered the time records of the Plaintiffs and the FLSA Class so that they would not be paid for all hours that they worked.

28. Defendant knew that the Plaintiffs and the FLSA Class performed work that required minimum wage and overtime compensation. Nonetheless, Defendant employed a policy which deprived the Plaintiffs and the other members of the FLSA Class of minimum wage and overtime compensation by failing to properly compensate them for all time worked.

29. Defendant's conduct, as alleged herein, was willful and caused significant damage to the Plaintiffs and the members of the FLSA Class.

**COUNT ONE**

<u>VIOLATION OF THE FLSA BY FAILING TO PAY MINIMUM WAGES</u>

30. Plaintiffs reassert and reallege the allegations set forth in paragraphs 1-29 as if they were fully set forth herein.

31. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for

commerce." 29 USC 207(a)(1).

32. Defendants routinely and regularly failed to pay class members the applicable minimum wage, in violation of 29 U.S.C. §206(a).

33. Pursuant to the FLSA, Defendant is an "employer" of Plaintiffs and the members of the FLSA class is liable for unpaid minimum wages and compensation owed to Plaintiffs and the members of the FLSA class.

34. As a result of Defendant's unlawful practices, Plaintiffs suffered a loss of wages.

35. Based upon the foregoing, Defendant is liable to Plaintiffs and the members of the FLSA class for damages pursuant to the FLSA.

36. Pursuant to the FLSA, Defendant is also responsible for liquidated damages in an amount equal to Plaintiffs' actual damages.

37. Pursuant to the FLSA, Defendant is responsible for payment of reasonable attorneys fees and costs associated with the prosecution of this action.

**COUNT TWO**

VIOLATION OF FLSA BY FAILING TO COMPENSATE FOR OVERTIME

38. Plaintiffs reassert and reallege the allegations set forth in paragraphs 1-37 as if they were fully set forth herein.

39. The FLSA regulates the payment of wages by employers

whose employees are "engaged in commerce or engaged in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

40. Defendant was and continues to be subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

41. At all times relevant to this action, the Plaintiffs and those similarly situated were and continue to be entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, et seq.

42. Section 207(a)(1) of the FLSA provides that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

43. Pursuant to the FLSA, Defendant is an "employer" of Plaintiffs and the members of the FLSA class and is liable for unpaid overtime wages and compensation owed to Plaintiffs and the members of the FLSA class.

44. Defendant violated the FLSA by failing to pay the FLSA collective action plaintiffs overtime compensation as required by the FLSA.

45. Section 13 of the FLSA, 29 U.S.C. §2 13, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)( 1) of the FLSA.

However, none of the Section 13 exemptions apply to the Plaintiffs or the similarly situated Sales Associates because, inter alia, they have not been paid a guaranteed salary of at least $455.00 per week and have not otherwise met the requirements for coverage under the exemptions.

46. The Plaintiffs and those similarly situated are victims of a uniform District-wide compensation policy. This policy, which violates the FLSA, has been applied to all members of the FLSA collective action and has deprived them of overtime compensation.

47. Upon information and belief, in the course of perpetrating these unlawful practices, Defendant willfully failed to keep accurate records of all hours worked by the FLSA Class.

48. Defendant acted willfully and either knew that its conduct violated the FLSA or showed reckless disregard for the matter of whether its conduct violated the FLSA. Defendant has not acted in good faith with respect to the Plaintiffs and the members of the FLSA class.

49. Based upon the foregoing, Defendant is liable to Plaintiffs and the members of the FLSA class for damages pursuant to the FLSA.

50. Pursuant to the FLSA, Defendant are also responsible for liquidated damages in an amount equal to Plaintiffs' actual damages.

52. Pursuant to the FLSA, Defendant is responsible for payment of reasonable attorneys fees and costs associated with the prosecution of this action.

WHEREFORE, Plaintiffs, individually, and the FLSA Collective Class, on behalf of all others similarly situated, demand judgment against Defendant, for a sum that will properly, adequately and completely compensate Plaintiffs and all others similarly situated, and as follows:

(a) Order the Defendant to file with this Court and furnish to counsel a list of the names and addresses of all employees who were similarly situated to Plaintiffs and who were paid solely on a commission basis who currently work or worked Defendant in the District overseen by Mr. Lieberman during the applicable time period from April 1, 2012 to present (hereinafter "Employee List");

(b) Authorize Plaintiffs' counsel to issue a notice at the earliest possible time to all persons identified on the Employee List, informing them that this Action has been filed, of the nature of the Action, and of their right to opt into this lawsuit if they were not paid minimum wage or if they worked in excess of 40 hours in a week during the liability period, for which there were not paid the FLSA-required overtime;

(c] Declare and find that the Defendant committed one or more of the following acts:

1. Violations of provisions of the FLSA by failing to pay minimum wages or overtime wages to Plaintiffs and similarly situated persons who opt into this Action; and/or

2. Willful violations of minimum wage and overtime provisions of the FLSA;

(d) Award compensatory damages, including all minimum wage and overtime compensation owed, in an amount according to proof;

(e) Award interest on all overtime compensation due accruing from the date such amounts were due;

(f) Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA;

(g) Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

(i) Provide such further relief as the Court deems just and equitable.

/s/ Samuel A. Dion
_____
Signature Code: SAD2282
Samuel A. Dion, Esq.
Dion & Goldberger
1616 Walnut Street
Suite 1100
Philadelphia, PA 19103
(215) 546-6033
Fax (215) 546-6269
Email: samueldion@aol.com

Date: January 28, 2013          Attorneys for Plaintiff

# EXHIBIT 1

## CONSENT TO BE A PARTY TO COLLECTIVE ACTION

Doy mi consentimiento para ser parte demandante en una demanda contra **Radio Shack Corporation, et al,** y/o entidades e inviduos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 USC § 216(b). Por la presente yo designo **Samuel A. Dion, Esq.** para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against **Radio Shack Corporation, et al,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate **Samuel A. Dion, Esq.** to represent me in such a lawsuit.

_____Melvin Banks_____ /s/ _____
Firma (Signature)

_____Melvin Banks_____
Nombre legal complete (Imprenta) (Full Legal Name (print))

_____2117 Carpenter St_____
Dirección (Address)

_____Philadelphia, PA, 19146_____
Ciudad, Estado Código Postal
City, State Zip Code

_____(215) 253-5838_____
Número de teléfono
Phone Number

# EXHIBIT 2

## CONSENT TO BE A PARTY TO COLLECTIVE ACTION

Doy mi consentimiento para ser parte demandante en una demanda contra **Radio Shack Corporation, et al,** y/o entidades e inviduos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (Ley de las Normas Laborales Justas) de conformidad con 29 USC § 216(b). Por la presente yo designo **Samuel A. Dion, Esq.** para representarme en tal demanda.

I consent to be a party plaintiff in a lawsuit against **Radio Shack Corporation, et al,** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b). I hereby designate **Samuel A. Dion, Esq.** to represent me in such a lawsuit.

X _Jonice Wilson_
Firma (Signature)

Jonice M. Wilson
_Jonice M Wilson_
Nombre legal complete (Imprenta) (Full Legal Name (print))

803 Elsinor Place

Dirección (Address)

Chester, PA 19013

Ciudad, Estado Código Postal
City, State Zip Code

215-796-2835

Número de teléfono
Phone Number